## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>         Plaintiff,    )<br>    )<br>v.    )<br>    )<br>JARED GOODMAN,    )<br>         Defendant.    )<br>    ) | No. 24-20076-SHL |

**AMENDED ORDER FOR COMPETENCY EVALUATION**

On January 24, 2025, the Court granted the Government's Motion for Competency Evaluation of the Defendant pursuant to 18 U.S.C. § 4241 (ECF No. 59). In so ruling, the Court required the United States Bureau of Prisons (BOP) to designate the Defendant to an appropriate study site facility to conduct the evaluation (ECF No. 61).

The Court received notice that the BOP has designated the Defendant for a mental health evaluation at the Federal Medical Center (FMC) – Lexington. The Defendant self-reported to the BOP at FMC Lexington, 3301 Leestown Road, Lexington, KY 40511 on Monday, March 10, 2025. Now, therefore, under 18 U.S.C. §§ 4241(b), 4247(b) and 4247(c), the Court **ORDERS:**

1. The purpose of the evaluation shall be:

    a. For conducting psychiatric and/or psychological examinations by one or more licensed or certified psychiatrists and clinical psychologists; and

    b. For the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

2. The examiner and/or examiners designated to conduct such examinations shall, pursuant to 18 U.S.C. § 4247(c), file with the Court as soon as possible after the completion of

such examinations, a report of their examinations with copies provided for the Defendant and counsel for the United States, and said report shall include:

   a. Defendant's history and present symptoms;

   b. Description of the psychiatric, psychological, and medical tests that were employed and their results;

   c. Examiners' findings; and

   d. Examiners' opinions as to diagnosis and prognosis, and whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceeding against him or to assist properly in his defense.

3. The Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time, pursuant to 18 U.S.C. § 4247(b), and shall be released on his current bond conditions after such examination is completed. Time shall be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A).

**IT IS SO ORDERED**, this 14th day of March, 2025.

                                        s/Sheryl H. Lipman
                                        SHERYL H. LIPMAN
                                        CHIEF UNITED STATES DISTRICT JUDGE